## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY DEWAYNE HOLMES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-04-750-CH |
| | ) | |
| MANUEL W. RUNEZ, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR INTERVENTION

Before the Court for consideration is the Motion to Allow Intervention and Brief in Support [Doc. #24] filed by Compsource Oklahoma ("Compsource"). Plaintiff, Larry Dewayne Holmes, has filed a Response to the Motion [Doc. #25]. For the reasons set forth below, the Motion is granted.

## Relevant Facts

Plaintiff alleges in this action that he was injured on October 13, 2003, in a motor vehicle accident as a result of the negligence of Defendant, Manuel Runez. He brings a claim for personal injuries arising out of the accident.

Compsource seeks to intervene as of right in this action pursuant to Fed. R. Civ. P. 24(a)(2). Compsource alleges that it is the workers' compensation insurance carrier for Reynolds Trucking. Compsource further alleges that it "has set aside reserves and has paid indemnity benefits and medical benefits to and on behalf of . . . Plaintiff . . . as a result of his October 13, 2003 injury while employed with Reynolds Trucking." *See* Brief in Support of Motion to Allow Intervention at 1. Compsource seeks intervention in this action to protect its claimed statutory lien and subrogation interests in any proceeds recovered by Plaintiff in

this action. Plaintiff has responded to the Motion and objects, claiming that Compsource's subrogation rights are insufficient to establish intervention as a matter of right.

## Analysis

Intervention as of right is authorized by Rule 24(a) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action:
>
> . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). Pursuant to Rule 24(a)(2), therefore, an applicant may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *See Utah Ass'n. of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001); *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996).

In this Circuit, whether to allow intervention is addressed with "a somewhat liberal line." *Coalition of Arizona/New Mexico Counties*, 100 F.3d at 841 (*quoting National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977)). With this view in mind, an analysis of each of the four Rule 24(a)(2) factors follows.

**1.   Timeliness**

The Complaint in this action was filed on June 18, 2004. Compsource filed its Motion to Intervene on March 22, 2005. A jury trial is set for the January 2006 trial docket and the discovery deadline is October 1, 2005. Compsource alleges that it has moved for intervention "immediately upon receiving notice of the above styled action" and this allegation has not been disputed by Plaintiff. In addition, Compsource alleges its intervention will not prejudice the parties because under Oklahoma law, Compsource is precluded from participating in the trial and the jury is precluded from being made aware of the "equitable remedy" to which Compsource is entitled. *See* Brief in Support of Motion at 3, *citing Landrum v. National Union Ins. Co.*, 912 P.2d 324 (Okla. 1996).[1]

The timeliness of a motion to intervene involves a "contextual analysis" requiring the court to look at the totality of the circumstances. *Utah Ass'n. of Counties*, 255 F.3d at 1250. These circumstances include whether the applicant was dilatory in seeking intervention, any resulting prejudice to the parties and/or the applicant, and the existence of any unusual circumstances. *Id*. As to the prejudice prong, the inquiry focuses upon " prejudice caused by the intervenors' delay -- not by the intervention itself." *Id*. at 1251 (*quoting Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998)).

---

[1] In *Landrum*, the Oklahoma Supreme Court held that the right to subrogation under Okla. Stat. tit. 85, § 44(c) is an equitable remedy to which no right to a jury trial attaches. *Id*., 912 P.2d at 329. The Court applied Oklahoma procedural law, Okla. Stat. tit. 12, § 2018(D), and upheld the trial court's discretionary ruling that required any issues between the insurance carrier and the injured employee to be tried separately from the injured employee's jury trial against the third-party tortfeasor. *Id*.

Under the circumstances of this case, Compsource's motion to intervene is timely. There is no evidence of undue delay in seeking intervention nor is there any evidence of prejudice resulting from any alleged delay in seeking intervention. The scheduled discovery deadline and trial docket do not present any circumstances that would result in prejudice if intervention is allowed.

## 2. **The Intervenor's Interest**

Rule 24(a)(2) requires that the intervenor claim "an interest relating to the property or transaction which is the subject of the action." The "property" in this action is Compsource's statutory right to a share of any recovery realized by Plaintiff from Defendant pursuant to Oklahoma's worker's compensation laws, specifically, Okla. Stat. tit. 85, § 44.[2]

---

[2]The terms of 85 O.S.1991 § 44 provide in pertinent part:

(a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court. Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said

(continued...)

Section 44 provides an injured worker with the right to elect between proceeding at common law against a third-party tortfeasor for injuries incurred or seeking compensation under the Workers' Compensation Act from his employer. Section 44 has a dual purpose. It protects "the rights of employers and their insurance carriers to be fully subrogated to the claims of injured workers against third-party tortfeasors to the extent of compensation benefits paid" and it "guard[s] against workers receiving double recovery." *American*

---

[2](...continued)
reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.

\* \* \* \* \* \*

(c) The employer or his insurance carrier shall have the right of subrogation to recover money paid by the employer or his insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act.

*Agency Systems, Inc. v. Marcelano*, 53 P.3d 929, 934 (Okla. Civ. App. 2002). The subrogation interest created by section 44, therefore, is sufficient to establish intervention as of right. *See, e.g., Nicholas v. Morgan*, 58 P.3d 775, 782 (Okla. 2002) (district court erred in denying insurer's petition for intervention to claim right pursuant to § 44(a) to reimbursement from proceeds of litigation); *Landrum, supra*, 912 P.2d at 328 (workers' compensation carrier had the right to intervene in injured worker's suit against third-party tortfeasor to protect the right to its share of any recovery realized by the worker against the tortfeasor); *Hallmark v. Halliburton Energy Servs., Inc.*, 63 P.3d 556 (Okla. Civ. App. 2003) (workers' compensation insurance carrier had "statutory lien" under § 44 and therefore could intervene as a matter of right in action to apportion settlement awarded to injured worker for negligent acts of third-party tortfeasor); *see also Carnley v. Aid to Hospitals, Inc.*, 975 F. Supp. 252, 258 (W.D. N.Y. 1997) (granting Fed. R. Civ. P. 24(a) intervention as of right to workers' compensation carrier having lien under Texas law on proceeds arising out of litigation brought by injured employee against third-party tortfeasor).[3] Compsource has established a sufficient interest relating to the property which is the subject of this action as required by Rule 24(a)(2).

---

[3] Oklahoma's procedural law governing intervention as of right, Okla. Stat. tit. 12, § 2024(A), is almost identical to Fed.R.Civ.P. 24(a), except that §2024(A) omits from consideration whether the applicant's interest is adequately represented by the existing parties.

**Impairment of Interest**

Third, Rule 24(a)(2) requires a showing that the disposition of the action may, as a practical matter, impair or impede the ability of the intervenor to protect his interest. Explaining this requirement, the Tenth Circuit has stated that because the Rule refers to impairment "as a practical matter" the court is not "limited to consequences of a strictly legal nature." *Utah Ass'n. of Counties*, 255 F.3d at 1253 (citation and quotation omitted). A would-be intervenor need only show that impairment of its substantial legal interest is possible if intervention is denied. The burden, therefore is minimal. *Id*. (citation and quotation omitted). The fact that Compsource may have an alternate forum in which to assert these rights is not sufficient to justify denial of a motion to intervene. *Id*. at 1254.

The possibility of impairment of Compsource's subrogation rights exists here. Plaintiff's claims for personal injury against the Defendant could be settled without notice to Compsource. Alternatively, Plaintiff could be awarded damages by a jury without Compsource receiving its statutory share of the recovery.

**Adequacy of Representation**

The final requirement under Rule 24(a)(2) is that the intervenor must make the "minimal" showing that representation "may" be inadequate. *Id*. The "possibility" that the interests of the applicant and the parties may diverge is sufficient. *Id*.

Plaintiff contends that under Oklahoma law, Compsource is not allowed to participate in the trial of this matter and, therefore, Compsource must concede that Plaintiff's representation is adequate representation for Compsource, too. This argument fails to

recognize, however, that the recovery of sums by Plaintiff in this action may be subject to apportionment between Plaintiff and Compsource. Thus, the possibility that the interests of Plaintiff and Compsource might diverge is present.

Having reviewed all four factors required for determining whether intervention of right is proper pursuant to Fed. R. Civ. P. 24(a)(2), the Court finds intervention is proper. The Motion to Allow Intervention [Doc. #24] is granted and Compsource shall be made a party to this action as Intervenor.

IT IS SO ORDERED this __17th__ day of May, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE